UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEX FAHY,

                              Plaintiff,

v.                                                      Civil Action No. _____

GC SERVICES LIMITED PARTNERSHIP,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Alex Fahy is a natural person residing in the County of Cattaraugus and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Service Limited Partnership, (hereinafter "GC") is a foreign limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Alex Fahy's ex-wife, Carolyn Fahy, incurred a debt. This debt will be referred to as "the subject debt."

10. That upon information and belief the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Carolyn Fahy thereafter defaulted on the subject debt.

12. That Plaintiff Alex Fahy has no legal obligation to repay the subject debt.

13. That upon information and belief Defendant was employed to collect on the subject debt.

14. That in or about June of 2008, Defendant GC began calling Plaintiff's residential telephone number and his cellular telephone number asking for Carolyn Fahy. Plaintiff informed Defendant on multiple occasions that the telephone number they had reached did not belong to Carolyn Fahy, that they had been divorced approximately two and a half years, that she did not reside with him, and that he had no way of reaching her. He also asked Defendant on each occasion to stop calling him.

15. That following the abovementioned messages Plaintiff called Defendant from his cellular telephone. Plaintiff informed Defendant that they had called his personal cellular telephone and asked where they had obtained the number. Defendant replied that Carolyn Fahy had left the number on her credit application. Plaintiff advised Defendant that this was unlikely given the fact they had been divorced over two years, informed Defendant that he had no way of reaching her, and asked Defendant to take his name off their call list and to stop calling him. Defendant replied that she would keep calling him until she reached Carolyn Fahy.

16. That shortly after the aforementioned telephone conversation Plaintiff called Defendant and asked to speak with a manager. Defendant stated there were no managers available. Plaintiff again informed Defendant that the telephone number they were calling did not belong to Carolyn Fahy, that they had been divorced approximately two and a half years, that she did not reside with him, and that he had no way of reaching her. He also informed Defendant that he was charged for the calls to his cellular telephone and that Defendant was violating the FDCPA. Defendant then stated, "you do not know what you are talking about." Plaintiff again asked to speak to a manager. Defendant replied that somebody would get back to him.

17. That Defendant never returned Plaintiff's telephone call.

18. That Plaintiff received additional telephone calls on his residential telephone line thereafter, but the party calling hung up on each occasion before Plaintiff could speak to someone. Upon information and belief, these calls may have been placed by Defendant.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692d(5), and 15 U.S.C. §1692f by calling Plaintiff after he had informed them that they were calling the wrong number and that he wanted them to stop calling him, by stating "I will call these number until I reach Carolyn Fahy", "You do not know what you are talking about", by repeatedly lying about taking his telephone number out of their system, and by repeatedly causing Plaintiff's telephone to ring and/or engaging him in conversations, all with the intent to annoy, abuse and harass Plaintiff.

    B. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(5) by calling Plaintiff's cellular telephone and thereby causing him to be charged for said calls, and/or by concealing the true purpose of said calls in doing so.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 9, 2009

                /s/Kenneth R. Hiller, Esq.
                Kenneth R. Hiller, Esq.
                Amanda R. Jordan, Esq.
                Law Offices of Kenneth Hiller
                *Attorneys for the Plaintiff*
                6000 North Bailey Ave., Suite 1A
                Amherst, NY 14226
                (716) 564-3288
                Email: khiller@kennethhiller.com
                        ajordan@kennethhiller.com